IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Laurie E. Pearson, ) | |
| ) | C/A No.: 3:06-0447-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Commissioner of Social Security, ) | **O R D E R** |
| ) | |
| Defendant. ) | |
| ) | |

      Plaintiff Laurie E. Pearson filed an application for a period of disability and disability insurance benefits on March 26, 2003, alleging disability since February 20, 2003 because of psychiatric problems that include depression, anxiety, and panic disorder. Additionally, plaintiff alleges suffering from physical ailments, such as chronic sinusitis and bronchitis, endometriosis, fibromyalgia, degenerative disc disease, osteoarthritis, hypertension, and neuropathic foot pain. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which hearing was held on July 22, 2005. The ALJ issued a decision on October 7, 2005 that Plaintiff was not entitled to a period of disability or disability insurance benefits under Sections 216(i) and 223, respectively, of the Social Security Act. The decision of the ALJ became the "final decision" of the Commissioner on December 17, 2005, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

      In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation. On October 16, 2006, the Magistrate Judge filed a Report and Recommendation of Magistrate Judge in

which he recommended that the Commissioner's finding of no disability be affirmed. Plaintiff filed objections to the Report and Recommendation on November 3, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

**I.     FACTS.**

The facts are set forth in detail in the Magistrate Judge's Report, the briefs submitted by the parties, and the evidentiary record before the ALJ. Plaintiff formerly was employed as an office manager, receptionist, and social worker. She alleges she has not engaged in substantial gainful activity since February 20, 2003, due to degenerative disc disease with sciatica, fibromyalgia, chronic sinusitis and bronchitis, osteoarthritis, high blood pressure, edema, anxiety, depression, and neuropathic foot pain. (*See* ALJ Decision, October 7, 2005 (Transcript 16).) Since 1998, Plaintiff has sought treatment from Doctor Leslie Stuck. (*See* Plaintiff's Objections to the Magistrate's Report, 1.) In a February 6, 2004 letter, Doctor Stuck wrote:

> [Plaintiff] suffers from hypertension, fibromyalgia, chronic myofascial pain, degenerative osteoarthritis, and degenerative disc disease. She has been treated with medications, physical therapy, massage therapy, and unconventional therapies such as acupuncture. She continues to be debilitated due to pain and fatigue. Subsequent to her medical problems she is unable to maintain employment at this time.

(Letter of Leslie M. Stuck, M.D. (Transcript 160).) In contrast to this diagnosis, Doctor Stuck's

treatment notes reveal that Plaintiff's blood pressure was "excellent" with medication; "diet, stretching, [and] relaxation techniques" improved Plaintiff's fibromyalgia; Plaintiff "exercis[ed] some" despite her myofascial pain and osteoarthritis; and Plaintiff's MRI revealed "a torn disc, but no significant cord compression." (Medical Notes of Leslie M. Stuck, M.D. (Transcript 161-190).) Further, Plaintiff "den[ied] any edema," "den[ied] headaches, dizziness, chest pain," and Plaintiff's pharynx and lungs were clear despite Plaintiff's concern of having chronic sinusitis and bronchitis. (*Id.*)  After Doctor Stuck prescribed Plaintiff medicine for her depression and other ailments, Plaintiff reported feeling "better." (*Id*. at 163.)

On April 19, 2005, Doctor Alexander R. Smythe performed a hysterectomy on Plaintiff to treat her endometriosis. (*See* Medical Notes of Alexander R. Smythe, M.D. (Transcript 273).) Following the procedure, Doctor Smythe indicated "[Plaintiff] was doing fine having some minor complaints of abdominal pain and loose stools." (*Id.*)  On April 25, 2005, Doctor Stuck noted that "[Plaintiff] has recovered nicely" from her hysterectomy. (Medical Notes of Leslie M. Stuck, M.D. (Transcript 282).)

On February 22, 2005, Plaintiff was examined by Doctor Deana Constable, an orthopaedist, for acute pain in her feet. (Medical Notes of Deana L. Constable, M.D. (Transcript 275-76).) Doctor Constable's radiograph results revealed "no acute fractures," "no evidence of any bunion deformities present," "joint intervals are intact," and "no bony reactive or destructive changes noted." (*Id.* at 276.)  On July 30, 2003, Doctor Deanna S. McNeil performed a psychiatric evaluation of Plaintiff. (Medical Notes of Deanna S. McNeil, M.D. (Transcript 153-156).) Doctor McNeil concluded that "the [plaintiff] is not currently in need of an acute psychiatric hospitalization," and that the "[plaintiff] could benefit from resuming psychiatric care for medication

management and psychotherapy." (*Id.* at 156.) On July 25, 2002, Plaintif's left shoulder was examined by Doctor William T. Felmly for acute pain. According to Doctor Felmly, MRI results showed "[a] little bit of tendinitis but otherwise benign . . . I think she can go back to her routine activities and duties." (Medical Notes of William T. Felmly, M.D. (Transcript 114).)

The ALJ declined to give controlling weight to the opinion of Doctor Stuck on the grounds that Dr. Stuck's opinion did not comport with her own treatment notes. (*See* ALJ Decision, October 7, 2005 (Transcript 16-19).) The ALJ separately considered each of Plaintiff's psychiatric problems and physical ailments, and found that the medical evidence revealed Plaintiff's impairments did not meet or equal a listed impairment. (*Id.*) Therefore, the ALJ turned to the question of whether Plaintiff retained the residual functional capacity to perform the requirements of her past relevant work or other work existing in significant numbers in the economy. The ALJ found Plaintiff, a former office manager, receptionist and social worker, with a college degree, could not perform "any of her past relevant work that required skilled work in a high stress environment with public contact." (*Id.* at 19.) However, with the assistance of a vocational expert, the ALJ held Plaintiff could perform a significant range of unskilled light jobs, such as office helper, inspector, and mail clerk. (*Id.* at 20.) Thus, the ALJ concluded that Plaintiff "retains the capacity for work that exists in significant numbers in the national economy and is not under a 'disability' as defined in the Social Security Act, at any time through the date of this decision." (*Id.*)

## II.     STANDARD OF REVIEW.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g).

"Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "The courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

**III.    DISCUSSION.**

Plaintiff asserts, among other things, that the Magistrate Judge's Report failed to account for the ALJ's disregard of the opinion submitted by Doctor Stuck, the Plaintiff's main treating physician. Plaintiff alleges that the ALJ should have afforded her with Social Security benefits as Doctor Stuck advised that the Plaintiff was "unable to maintain employment at this time." Plaintiff further objects that her depression, her drowsiness triggered by prescribed medication, and her painful flare-ups of fibromyalgia were discounted by the Magistrate Judge and the ALJ.

The court first finds that the ALJ did not improperly disregard the opinion of Doctor Stuck.

When a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it is accorded "significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Here, office notes of four doctors, all of whom performed clinical tests on Plaintiff, unanimously suggest that Plaintiff could engage in light work. Thus, Doctor Stuck's opinion is in direct contravention to the notes and opinions of Plaintiff's other treating physicians. Further, Doctor Stuck's opinion contradicts her own treatment notes. In light of the clinical and other substantial evidence from Plaintiff's other treating physicians, sufficient evidence exists to justify the ALJ's rejection of Dr. Stuck's opinion as outlined by the February 6, 2004 letter.

Second, the court finds that Plaintiff's psychiatric problems and physical ailments were not improperly discounted by the Magistrate Judge or the ALJ. To qualify for disability benefits, an applicant must have an "impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Plaintiff testified, during her July 22, 2005 hearing, to being able to do the following: lifting "about fifteen to twenty pounds," shopping for groceries, walking "about a fourth of a mile, walking my dog" at least "two or three times a day," doing "some swimming for my exercise," and engaging in other activities of daily living and personal care. (July 22, 2005 ALJ Hearing Transcript (Transcript 308-11).) As of 2004 and 2005, Plaintiff indicated to Doctor Stuck that her depression was "better," and that her symptoms were limited to only "mild anxiety and severe insomnia." (Medical Notes of Leslie M. Stuck, M.D. (Transcript 163 and 282).) Additionally, Plaintiff's description of medication-triggered drowsiness and dizziness is not supported by the record. For example, in Doctor Stuck's medical notes, there is no mention of Plaintiff's prescribed medication causing her any such undesirable problems. (*Id.* at 160-191.) Further, given Plaintiff's testimony before the ALJ, any such alleged

6

side-effects are not so extreme as to impact her ability to engage in routine activities. (July 22, 2005 ALJ Hearing Transcript (Transcript 308-11).) Finally, the record indicates that Plaintiff's "flare-ups" of fibromyalgia were being adequately controlled with the help of Doctor Stuck. As Plaintiff noted during her July 15, 2003 meeting with Doctor Stuck, "diet, stretching, [and] relaxation techniques" greatly lessened Plaintiff's fibromyalgia-related pain. (Medical Notes of Leslie M. Stuck, M.D. (Transcript 163).) Therefore, the ALJ properly found that the Plaintiff could engage in a significant range of unskilled light jobs.

### IV.  CONCLUSION.

Therefore, the court finds substantial evidence to support the ALJ's determination. The court adopts the Report and Recommendation and incorporates it herein by reference. Pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), it is hereby **ORDERED** that the Commissioner of Social Security's finding of no disability be **affirmed.**

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

February 8, 2007

Columbia, South Carolina